**In re: GOOD KARMA, LLC, et al.,
IRS Summons Litigation.**

**MDL No. 1885.**

United States Judicial Panel on
Multidistrict Litigation.

Dec. 14, 2007.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA *, Judges of the Panel.

---

* Judge Scirica took no part in the disposition of this matter.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Petitioners in eleven actions pending in the Northern District of Illinois (two actions), the Middle District of Florida, the Northern District of Georgia, the District of Massachusetts, the Western District of Michigan, the District of New Jersey, the Eastern District of Pennsylvania, the Middle District of Pennsylvania, the Eastern District of Tennessee, and the Southern District of Texas, respectively, as listed on Schedule A,[1] have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of Illinois. Common defendant the United States of America opposes centralization.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. The eleven actions in this litigation involve petitions to quash IRS summonses (or, in one action, formal document requests) issued in connection with an ongoing IRS investigation into whether movants engaged in an allegedly improper tax shelter scheme involving the purchase of Brazilian debt for the purpose of harvesting "bad debt" tax deductions that were passed through to investors subject to federal taxes. Actions such as these are generally summary in nature, *see, e.g., Robert v. United States,* 364 F.3d 988, 999 (8th Cir.2004), and movants have failed to convince us that Section 1407 centralization is warranted under the circumstances.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407,

for centralization of these eleven actions is denied.

## SCHEDULE A

MDL No. 1885—*In re: Good Karma, LLC, et al., IRS Summons Litigation*

*Middle District of Florida*

Ironwood Trading, LLC, et al. v. United States of America, Dept. of the Treasury–I.R.S., Misc. No. 8:07–59

*Northern District of Georgia*

Nero Trading, LLC, et al. v. United States of America, Dept. of the Treasury–I.R.S., C.A. No. 1:07–1816

*Northern District of Illinois*

Good Karma, LLC, et al. v. United States of America, Dept. of the Treasury–I.R.S., C.A. No. 1:07–2697

Good Karma, LLC, et al. v. United States of America, Dept. of the Treasury–I.R.S., C.A. No. 1:07–3930

*District of Massachusetts*

Sugarloaf Funding, LLC, et al. v. United States of America, Dept. of the Treasury–I.R.S., C.A. No. 1:07–11211

*Western District of Michigan*

Rook Trading, LLC, et al. v. United States of America, Dept. of the Treasury–I.R.S., C.A. No. 1:07–651

*District of New Jersey*

Bodensee Fund, LLC, et al. v. United States of America, Dept. of the Treasury–I.R.S., C.A. No. 3:07–3209

---

1. The Panel has been notified of five additional related actions, pending in the Central District of California (two actions), the District of Colorado, the Western District of Michigan, and the Western District of North Carolina, respectively.

*Eastern District of Pennsylvania*

*Bodensee Fund, LLC, et al. v. United States of America, Dept of the Treasury–I.R.S.,* Misc. No. 2:07–111

*Middle District of Pennsylvania*

*Superior Trading, LLC v. United States of America, Dept. of the Treasury–I.R.S.,* Misc. No. 3:07–195

*Eastern District of Tennessee*

*Lyons Trading, LLC v. United States of America, Dept. of the Treasury–I.R.S.,* Misc. No. 3:07–13

*Southern District of Texas*

*Galba Trading, LLC v. United States of America, Dept. of the Treasury–I.R.S.,* Misc. No. 7:07–43